# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Derrick Sirell Saylor

June 26, 2008

Case No. CL07-354

BY JUDGE EDWARD L. HOGSHIRE

The Petitioner, the Commonwealth of Virginia, by the Attorney General, seeks to have the Respondent, Derrick Sirell Saylor, determined to be a sexually violent predator and, as such, subjected to civil commitment with the Virginia Department of Corrections ("VDOC") pursuant to Virginia Code § 37.2-900 *et seq.* Following an *ore tenus* hearing on June 4, 2008, and arguments of counsel, the parties filed Proposed Findings of Fact and Conclusions of Law. Having carefully considered the evidence presented at trial, the controlling legal authorities, and arguments of counsel, the Court hereby finds as follows.

## Findings of Fact

Respondent was convicted of Aggravated Sexual Battery by the Charlottesville Circuit Court and sentenced on July 10, 2003, to eight years confinement with VDOC, with six years, one month suspended. In that case, the Court found that, when Respondent was eighteen years old, he sexually abused a seventeen-year-old male acquaintance by force, threat, or intimidation. Respondent was convicted of Indecent Liberties with a fourteen-year-old child by the Albemarle County Circuit Court in 2004 and sentenced to ten years incarceration with the VDOC with seven years suspended. Respondent has admitted to incidents involving sexual fondling, acts not resulting in criminal charges, that occurred when he was a twelve-year-old

resident of Graydon Manor children's center. When Respondent was ten years old and living at home, he was charged with sexual battery, but was acquitted. Following the sexual fondling incident at Graydon Manor, Respondent was admitted to The Pines Residential Treatment Center in Portsmouth, Virginia, and, while there, engaged in inappropriate sexual behavior with peers. In June 1998, Respondent was committed to the Department of Juvenile Justice as a result of his refusal to cooperate with services at The Pines, such refusal constituting a probation violation. In 2000, at Hanover Juvenile Correctional Center, Respondent completed a prescriptive sexual offender program and was released to his mother's custody. He subsequently received follow-up counseling. Respondent has been continuously confined with the VDOC since June 9, 2003, and has completed the Sex Offender Awareness Program. He was enrolled in VDOC's Sex Offender Residential Treatment ("SORT") program from March 29, 2006, to January 4, 2007, but was dismissed from the SORT program for noncompliance with treatment and disruptive behavior, having received an institutional assault charge. Respondent completed his sentence and was scheduled to be released on or about December 26, 2007, but on December 5, 2007, pursuant to Code of Virginia § 37.2-906(A)(i), this Court ordered that Respondent remain in custody pending disposition of this action. On August 24, 2007, Respondent was evaluated by Dennis R. Carpenter, Psy. D., a psychologist, to determine whether Respondent meets the criteria necessary to be deemed a sexually violent predator as defined in § 37.2-900 of the Code of Virginia. On January 28, 2008, this Court found probable cause existed to believe Respondent to be a sexually violent predator as defined in § 37.2-900 of the Code of Virginia. On March 7, 2008, Respondent was evaluated by Ronald M. Boggio, Ph. D., a psychologist appointed by the Court to conduct an evaluation in accordance with § 37.2-907 of the Code of Virginia. Based upon his review of records and his interview with and administration of psychological and actuarial tests to Respondent, Dr. Carpenter diagnosed Respondent with Paraphilia Not Otherwise Specified, Nonconsent (Primary), Antisocial Personality Disorder, and Personality Disorder, Not Otherwise Specified with Narcissistic Personality Features. Dr. Carpenter also made a provisional diagnosis of alcohol abuse, based on the fact that the Department of Juvenile Justice and the VDOC had identified Respondent as needing substance abuse treatment. Based upon his review of records and his interview with and administration of psychological and actuarial tests to Respondent, Dr. Boggio diagnosed Respondent with Paraphilia Not Otherwise Specified, Nonconsenting Partners (Primary), and Antisocial Personality Disorder. Dr. Carpenter testified that Respondent possesses a mental abnormality or personality disorder that makes

it difficult for him to control his predatory behavior and makes him likely to engage in sexually violent acts. Dr. Boggio testified that Respondent is at high risk for future sexual offending because his primary mental disorder, Paraphilia NOS, Non-consenting Partners, predisposes him to commit sexually assaultive acts. The uncontroverted evidence presented by both expert witnesses is that Respondent has the mental abnormality of Paraphilia NOS (non-consent) as well as Antisocial Personality Disorder.

*Conclusions of Law*

Aggravated sexual battery is a sexually violent offense within the meaning of Va. Code § 37.2-900. Both Dr. Carpenter and Dr. Boggio were qualified to examine Respondent and to render their opinions as to whether he is a sexually violent predator according to the requirement of Va. Code § 37.2-907. The Commonwealth has proven by clear and convincing evidence that (1) Respondent was convicted of a sexually violent offense and (2) due to a mental abnormality or personality disorder, Respondent will find it difficult to control his predatory behavior, making him likely to engage in sexually violent acts in the future as defined by Virginia Code § 37.2-900.

It is therefore adjudged, ordered, and decreed that the Respondent is a sexually violent predator within the meaning of Va. Code § 37.2-900; that, pursuant to Virginia Code § 37.2-908(D), this case is to be placed on the docket for the August Term of this Court, August 18, 2008, at 2:00 p.m. to be scheduled for the dispositional phase of the case so that the Court can determine whether the Respondent should be fully committed or be conditionally released; that the Respondent remain under the jurisdiction of this Court and shall not be released from custody until entry of a final order from this Court.

Exceptions of counsel to the rulings of the Court are noted. Endorsement of counsel is dispensed with pursuant to Rule 1:13 of the Supreme Court of Virginia.

It is further ordered that the Clerk shall mail an attested copy of this Order to counsel for the parties and to the Office of Sexually Violent Predator Services within DMHMRSAS, and shall note the date of such mailing.